UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MILLENNIUM MULTIPLE EMPLOYER | ) | Chapter 11 |
| WELFARE BENEFIT PLAN, | ) | (W.D. Okla. Bankruptcy-- |
| | ) | Case No. 10-13528) |
| Debtor, | ) | |
| | ) | |
| GARY A. PASSONS, M.D., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-00575 |
| | ) | Judge Campbell |
| AVIVA LIFE AND ANNUITY | ) | |
| COMPANY, f/k/a INDIANAPOLIS | ) | |
| LIFE INSURANCE COMPANY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending in this action is Plaintiffs' Motion to Remand (Docket No. 56). Also pending is Defendant Millennium Multiple Employer Welfare Benefit Plan's ("Millennium's") Motion to Transfer Venue (Docket No. 7), in which several other Defendants join. (Docket Nos. 10, 45 & 59). Those Motions have been fully briefed by the parties (Docket Nos. 8, 58, 59, 88, 97, 98, 100, 101 & 102).

This is a multi-party, multi-claim, action originally filed in the Chancery Court for Davidson County, Tennessee. There are twenty-five Plaintiffs consisting of doctors and dentists and their respective practices, mostly from Tennessee. One of the Defendants is Millennium which, through its Plan, claims to provide employees of contributing employers with medical, disability, long term

1

care, severance and death benefits. The heart of Plaintiffs' lawsuit is that the Plan is really a ruse into which Plaintiffs were fraudulently induced into investing.

After this case and other cases were filed which challenged the validity of Millennium's Plan and/or the methods used to solicit investors, Millennium filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Western District of Oklahoma. Immediately thereafter, Millennium removed the instant action to this Court. Millennium also removed other pending state court cases to federal court and filed motions in each to transfer the cases to the Western District of Oklahoma.

Millennium removed this case under 28 U.S.C. § 1452 and, as grounds, stated that "Debtor is entitled to remove this action because the action concerns the administration of the bankruptcy estate. In addition, the Debtor believes that the Plaintiffs assert claims against the Debtor which should be adjudicated by the Bankruptcy Court as part of the claims process in its Bankruptcy Case." (Docket No. 1, ¶3). In moving to transfer, Millennium argues that the case should be transferred to the Western District of Oklahoma so that the bankruptcy court, in the first instance, can determine whether the present proceeding is a "core" or "non-core" proceeding in relation to the bankruptcy estate. Plaintiffs argue that this Court should determine that it has jurisdiction, exercise that jurisdiction by abstaining from entertaining the action because it is a "non-core" proceeding under the bankruptcy code, and remand the case to state court.

One twist has arisen which counsels against resolution of the pending motions at this time. In their reply in support of their motion to remand and in opposition to Millennium's motion to transfer, Plaintiffs indicate that they have filed a Motion to Dismiss Millennium's bankruptcy case on the ground that (1) the Debtor is not an entity eligible to file a Chapter 11 bankruptcy case; (2)

2

the Debtor's bankruptcy petition was not duly authorized by an appropriate governing body of Millennium; (3) the commencement of the bankruptcy action was not in good faith because its principal purpose was to gain a tactical advantage in non-bankruptcy litigation; (4) there exists gross mismanagement of the estate of the Debtor; and (5) the interests of all parties would be better served by dismissal. (Docket Entry No. 102 at 11). The bankruptcy court is scheduled to hear that motion on October 21, 2010. (Id .) Thus, as an alternative, Plaintiffs ask "that the court wait to decide the instant matter until the bankruptcy court rules on the Motion to Dismiss." (Id.)

The Court finds that it is appropriate and in the interest of judicial economy to defer ruling on the pending motions for a short period, particularly given that this case has been pending in this Court barely three months. For instance, if the Court transferred the action and the bankruptcy court decides to dismiss the bankruptcy, then the case will return here and the Court's efforts will have been for naught.

Accordingly, Plaintiffs' Motion to Remand (Docket No. 56) and Millennium's Motion to Transfer Venue (Docket No. 7) are hereby DENIED WITHOUT PREJUDICE. The parties are free to renew those motions if the bankruptcy court denies Plaintiff's Motion to Dismiss, or if the bankruptcy court does not rule on that motion promptly. The parties shall file a Status Report by November 22, 2010.

It is so ORDERED.

_____
Todd J. Campbell
United States District Judge

3